**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

PAUL E. DAVIS,

        Plaintiff,

vs.

T. ROBICHAUD, *et al.*,

        Defendants.

2:14-cv-00679-MMD-VCF

**ORDER**

Demand for Jury Trial and Motion for Appointment of Counsel (#3)

Before the court is Plaintiff's Demand for a Jury Trial and Motion for Appointment of Counsel (#3)[1] pursuant to 28 U.S.C. § 1915(e)(1) to represent him in his civil rights action under 42 U.S.C. § 1983.

**I.**     **Background**

This matter involves Plaintiff's Civil Rights action under 42 U.S.C. § 1983. (*See* #1). Plaintiff's complaint alleges that he was stopped for speeding while driving his vehicle and that several police officers acted in concert to falsify information and falsely arrest Plaintiff on the basis of his race. (#1-1, Count I). Additionally, Plaintiff alleges that his vehicle was searched unlawfully and he has been held wrongfully in federal prison for nine months. (#1-1, Counts I-III). Plaintiff's motion requests a jury trial "so that he may receive a fair outcome on his case/complaint, and also the fair relief that is due to him." (#3 at 1). Plaintiff argues that the court should appoint counsel to assist him in the prosecution of this action to "assure that his case will be presented to a jury trial properly." (#3 at 1).

---

[1] Parenthetical citations refer to the court's docket.

1

## II. Legal Standard

### a. Demand for Jury Trial

The Seventh Amendment guarantees that "the right of trial by jury shall be preserved" in civil cases in federal court. U.S. Const. Amend. VII. That guarantee "extends to statutory claims unknown to the common law, so long as the claims can be said to 'soun[d] basically in tort,' and seek legal relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*, 526 U.S. 687, 709 (1999) (quoting *Curtis v. Loether*, 415 U.S. 189, 195-96 (1974)). The Supreme Court has held that a section 1983 claim sounds in tort and that such a claim is a "suit seeking legal relief is an action at law within the meaning of the Seventh Amendment." *Id*. As such, section 1983 claimants are entitled to trial by jury in federal court when such a request is properly made.

### b. Motion for Appointment of Counsel

In the civil sphere, "[t]he court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id* (citing *Wilburn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The burden rests upon the Plaintiff to demonstrate that this standard has been met. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc).

## III. Analysis

### a. Demand for Jury Trial

As stated above the Supreme Court has determined that section 1983 actions are actions at law and litigants seeking such relief are entitled to trial by jury. *City of Monterey*, 526 U.S. at 709. Local rule 38-1 states that '[w]hen a jury trial is demanded in a pleading, the words "JURY DEMAND' shall be

typed or printed in capital letters on the first page immediately below the name of the pleading." Given the "less stringent standards" applied to *pro se* litigants, the court finds that the Plaintiff has sufficiently conveyed his request for a jury trial. *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). Therefore, Plaintiff's Demand for a Jury Trial (#2) is GRANTED.

**b. Motion for Appointment of Counsel**

Plaintiff's motion fails to satisfy the above legal standard for court appointed counsel for two reasons. First, it is not clear that Plaintiff will likely prevail on the merits. Plaintiff's only argument is that he needs a lawyer to represent him so that his case will be represented properly. (#3 at 1). Second, the court declines to appoint counsel because, although his paperwork is not of the quality that would be produced by a lawyer, Plaintiff has drafted a legible and sufficiently articulate motion. (*See* #3). These documents demonstrate that Plaintiff is capable of adequately articulating his claims. Davis fails to articulate any reason why he is limited in his ability to prepare for trial. As such, Plaintiff has failed to demonstrate that his case meets the exceptional circumstances required for appointment of counsel under 28 U.S.C. § 1915(e)(1).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Demand for a Jury Trial (#2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (#3) is DENIED.

DATED this 6th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE