# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\*\*\*

PAUL DAVIS,

                  Plaintiff,

vs.

T. ROBICHAUD, *et al.*,

                  Defendants.

Case No. 2:14–cv–679–APG–VCF

**REPORT & RECOMMENDATION**

This matter involves Paul Davis' civil-right action against various Las Vegas Metropolitan Police Department officers. Before the court is Davis' Motion to Amend his Complaint (#38[1]). For the reasons stated below, Davis' motion should be denied.

Davis alleges that various Las Vegas Metropolitan Police Department officers violated his Fourth Amendment rights during a stop. Davis is currently being criminally prosecuted in connection with that stop. Now, as Davis' litigates a parallel section 1983 action, he moves to amend his complaint to add (1) factual information discovered during the criminal prosecution and (2) a claim against an assistant United States Attorney because she "is not immune from being sued! because she has violated the Plaintiffs Brady rights, by refusing to withdraw the criminal indictment." (Doc. #38 at 1).

Davis' motion is denied for three reason. First, discovery is not filed with the court. *See* LR 26-8. Davis' request to amend his complaint to add statements made during his criminal trial is essentially a request to file discovery with the court.

Second, Davis did not attach an amended pleading to his motion to amend his complaint. *See* LR 15-1(a).

---

[1] Parenthetical citations refer to the court's docket

1

Third, amendment would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Davis seeks to amend his complaint to add a claim against an Assistant United States Attorney for failing to withdraw a criminal indictment. This conduct is not actionable. *See Holmes v. United States*, No. 2:11–cv–01031–GMN–CWH, 2013 WL 5954423, at *3 (D. Nev. Nov. 4, 2013) (stating that former AUSA Nancy Koppe is "absolutely immune from civil suits for damages . . . that challenge activities related to the initiation and presentation of criminal prosecutions").

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Davis' Motion to Amend his Complaint (#38) be DENIED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

IT IS SO RECOMMENDED.

DATED this 2nd day of January, 2015.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE