**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PAUL E. DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>T. ROBICHAUD, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:14-CV-00679-APG-VCF<br><br>**ORDER**<br><br>(Dkt. Nos. 6, 18 24, 29, 38, 39, 40, 48, 50, 51) |

　　　　Plaintiff Paul Davis filed a three-count Complaint against Defendants T. Robichaud, A. Brosnahan, K. Frampton, H. Sandoval, and Amber Craig. (Dkt. #7.) Davis alleges that he was pulled over for speeding on July 27, 2013. (*Id.*) Davis and his truck were searched after an officer stated she could smell marijuana coming from the car. (*Id.*) Contraband was found and Davis was arrested. (*Id.*)

　　　　In count one of his Complaint, Davis contends Robichaud instigated the stop of his vehicle because (1) the truck bore Kansas plates, (2) the truck had tinted windows and large tires, and (3) Davis is African-American. (*Id.*) Davis alleges that Robichaud encouraged Brosnahan to falsify her tracking of Davis's speed so she could pull him over, that Brosnahan then lied about smelling marijuana after she pulled him over, and that when Frampton approached Davis's truck with a drug-sniffing dog, Frampton either falsely claimed the dog alerted to the smell of drugs or he used a yellow ball to make it appear as if the dog had alerted. (*Id.*) Davis alleges this conduct violated his Fourth Amendment rights. (*Id.*)

　　　　In count two, Davis alleges unlawful detention, contending he was held in custody for a period of several days when no charges were pending against him. (*Id.*) He asserts the indictment secured by Craig is unlawful. (*Id.*) In count three, Davis alleges Brosnahan purposefully turned off her recording equipment when he was pulled over so the officers could make false claims

against him. (*Id.*)  Additionally, he alleges the officers did not conduct a proper field test on the drugs allegedly taken from his car. (*Id.*)  Davis contends these actions violated his Fourteenth Amendment due process rights. (*Id.*)

Magistrate Judge Ferenbach screened Davis's Complaint under 28 U.S.C. § 1915(a), and issued a Report and Recommendation. (Dkt. #6.)  Judge Ferenbach recommended that: (1) Davis's claim against Craig be dismissed with prejudice because Craig is entitled to prosecutorial immunity; (2) Davis's claim against Sandoval be dismissed with leave to amend because the Complaint did not allege any facts supporting the claim that Sandoval searched the truck without probable cause; (3) count two be dismissed with leave to amend because Davis did not allege facts regarding the reason he was in custody; and (4) count three be dismissed with prejudice because the Fourth Amendment would provide a remedy, so Davis could not resort to a due process claim under the Fourteenth Amendment. (*Id.* at 5, 8-11.)  Davis did not object to Judge Ferenbach's Report and Recommendation.

The parties subsequently filed various motions, including Brosnahan's Motion to Dismiss (Dkt. #40).  Brosnahan asserts that Davis was criminally prosecuted for and convicted of possessing the controlled substances found in his vehicle as the result of the searches Davis now challenges in this civil action.  Brosnahan contends Davis cannot pursue a civil case where a judgment in his favor would necessarily imply his criminal conviction is invalid unless he shows the conviction already has been invalidated.  According to Brosnahan, a finding that the search of the vehicle violated the Fourth Amendment necessarily would imply that the controlled substances found in the car should have been suppressed in the criminal proceeding.  Brosnahan thus requests I dismiss this case without prejudice in the event the criminal conviction is overturned.  Defendants Frampton, Robichaud, and Sandoval joined Brosnahan's Motion. (Dkt. #44, 46.)  Davis responds that civil and criminal cases are separate proceedings with different standards and different objectives and his civil claims therefore should not be dismissed.

### A. Defendant Craig

I conducted a de novo review of Judge Ferenbach's recommendation that Davis's claims against Craig be dismissed with prejudice. Judge Ferenbach's Report and Recommendation sets forth the proper legal analysis and factual basis for the decision. Craig is entitled to prosecutorial immunity. *See Hartman v. Moore*, 547 U.S. 250, 262 (2006); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005). Davis's claims against Craig are therefore dismissed with prejudice.

### B. Defendants Brosnahan, Frampton, Robichaud, and Sandoval

Under the rule announced in *Heck v. Humphrey*, if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). The *Heck* rule bars civil claims under 42 U.S.C. § 1983 asserting Fourth Amendment violations if the plaintiff challenges "the search and seizure of the evidence upon which [his] criminal charges and convictions were based." *Whitaker v. Garcetti*, 486 F.3d 572, 584 (9th Cir. 2007).

Here, Davis's criminal convictions were based on the drugs located in his vehicle on July 27, 2013. (Dkt. #199, #247 in 2:13-CR-00301-APG-CWH.) Consequently, his civil claims asserting the drugs were found and seized as a result of Fourth Amendment violations necessarily challenge the search and seizure of the evidence upon which his criminal convictions were based. Additionally, his claims in count three also necessarily challenge his criminal convictions, whether he asserts those claims under the Fourth or Fourteenth Amendments. As of this date, Davis's criminal convictions have not been invalidated. Accordingly, I will dismiss Davis's claims against Defendants Brosnahan, Frampton, Robichaud, and Sandoval, without prejudice to Davis refiling his claims should his criminal convictions later be invalidated.

### C. Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Ferenbach's Order and Report and Recommendation (Dkt. #6) is accepted and Plaintiff Paul Davis's claims against Defendant Craig are DISMISSED with prejudice.

1    IT IS FURTHER ORDERED that Defendant Brosnahan's Motion to Dismiss (Dkt. #40) is GRANTED and Plaintiff Paul Davis's claims against Defendants Brosnahan, Frampton, Robichaud, and Sandoval are DISMISSED without prejudice to refile should Davis's criminal convictions later be invalidated.

IT IS FURTHER ORDERED that all other pending motions are denied as moot and the clerk of court shall close this case.

DATED this 20th day of January, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE